1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11   ROGER COWAN,                    )     NO. EDCV 08-574 AGR
                                     )
12            Plaintiff,             )
                                     )
13        v.                         )
                                     )
14   MICHAEL J. ASTRUE,              )     MEMORANDUM OPINION AND
     Commissioner of Social Security, )    ORDER
15                                   )
                                     )
16            Defendant.             )
                                     )
17   _____)

18        Roger Cowan filed this action on May 8, 2008.  Pursuant to 28 U.S.C. §

19   636(c), the parties consented to proceed before Magistrate Judge Rosenberg on

20   May 20 and September 5, 2008.  (Dkt. Nos. 8, 9.)  On March 27, 2009, the

21   parties filed a Joint Stipulation ("J.S.") that addressed the disputed issues.  The

22   Court has taken the matter under submission without oral argument.

23        Having reviewed the entire file, the Court remands this matter to the

24   Commissioner for proceedings consistent with this opinion.

25   ///

26   ///

27   ///

28   ///

**I.**

## PROCEDURAL BACKGROUND

On April 13, 2005, Cowan filed an application for Supplemental Security Income benefits.  A.R. 16.  On May 3, 2005, Cowan filed an application for disability insurance benefits.  *Id.*  Both applications alleged a disability onset date of February 1, 2003.  *Id.*  The applications were denied initially and upon reconsideration.  *Id.*  An Administrative Law Judge ("ALJ") conducted a hearing on January 3, 2007, at which Cowan and a vocational expert testified.  A.R. 41-70.  On February 23, 2007, the ALJ issued a partially favorable decision.  A.R. 16-27.  On February 20, 2008, the Appeals Council ("AC") granted Cowan's request for review in which it indicated it planned to issue an unfavorable decision.  A.R. 194-197.  The AC stated that it would wait for 30 days in case Cowan wished to submit additional evidence or argument.  A.R. 196.  Cowan did not submit any "comments or additional evidence."  A.R. 7.  On March 28, 2008, the AC issued the final (unfavorable) decision of the Commissioner.  A.R. 4-11.

This lawsuit followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering

1    adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

2    evidence is susceptible to more than one rational interpretation, the Court must

3    defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

**A.    Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only

if his physical or mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20,

21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

**B.    The AC's Findings**

At Step Two of the sequential analysis, the AC found that Cowan had no

severe impairments.  A.R. 10.

**C.    Step Two of the Sequential Analysis**

At Step Two of the sequential analysis, the claimant bears the burden of

demonstrating a severe, medically determinable impairment that meets the

duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S.

137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).  To satisfy the duration

requirement, the severe impairment must have lasted or be expected to last for a

continuous period of not fewer than 12 months.  *Id.* at 140.

> Your impairment must result from anatomical, physiological,
> or psychological abnormalities which can be shown by
> medically acceptable clinical and laboratory diagnostic
> techniques.  A physical or mental impairment must be
> established by medical evidence consisting of signs,

3

1   symptoms, and laboratory findings, not only by your

2   statement of symptoms.

3   20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that

4   'significantly limits your physical or mental ability to do basic work activities.'"[1]

5   *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80

6   F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the

7   claimant's] physical ability to do basic work activities.") (citation and internal

8   quotation marks omitted).

9   "An impairment or combination of impairments may be found 'not severe

10  *only if* the evidence establishes a slight abnormality that has no more than a

11  minimal effect on an individual's ability to work.'"   *Webb v. Barnhart*, 433 F.3d

12  683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted).  Step Two is

13  "a *de minimis* screening device [used] to dispose of groundless claims" and the

14  ALJ's finding must be "'clearly established by medical evidence.'"  *Id.* at 687

15  (citations and internal quotations omitted).  "[T]he ALJ must consider the

16  combined effect of all of the claimant's impairments on her ability to function,

17  without regard to whether each alone was sufficiently severe."  *Smolen*, 80 F.3d

18  at 1290 (citations omitted).  The ALJ is also "required to consider the claimant's

19  subjective symptoms, such as pain or fatigue, in determining severity."  *Id.*

20  (citations omitted).  The Commissioner does not consider age, education, and

21  work experience.  20 C.F.R. § 404.1520(c).

22  **D.**   **Mental Impairment Rating**

23  Cowan argues that the AC failed to specify the functional limitations of his

24

25  [1]  The ability to do basic work activities includes "physical functions such as
26  walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling,"
    "capacities for seeing, hearing, and speaking," "understanding, carrying out, and
    remembering simple instructions," "use of judgment," "responding appropriately to
27  supervision, co-workers, and usual work situations," and "dealing with changes in
    a routine work setting."   *Yuckert*, 482 U.S. at 168 (internal quotations omitted);
28  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

1    mental impairment.  J.S. 12.  Cowan cites 20 C.F.R. 404.1520a(e)(2)[2] in support

2    of his argument that the AC was required to rate Cowan's alleged impairment.

3         When the AC has found a "medically determinable mental impairment" (20

4    C.F.R. 404.1520a(b)(1)), the AC must rate the degree of functional limitation in

5    four broad functional areas: "Activities of daily living; social functioning;

6    concentration, persistence, or pace; and episodes of decompensation."  20

7    C.F.R. § 404.1520a; 20 C.F.R. § 416.920a.  The first three functional areas are

8    rated on a five-point scale – none, mild, moderate, marked, and extreme.  The

9    fourth functional area (episodes of decompensation) is rated on a four-point scale

10   – none, one or two, three, four or more.  20 C.F.R. 404.1520a(c)(4); 20 C.F.R. §

11   416.920a(c)(4).

12        The AC must "document application of the technique in the decision."  20

13   C.F.R. § 404.1520a(e); 20 C.F.R. § 416.920a(e)(2); *Hoopai v. Astrue*, 499 F.3d

14   1071, 1077-78 (9th Cir. 2007); *Behn v. Barnhart*, 463 F. Supp. 2d 1043, 1047

15   (C.D. Cal. 2006).  Specifically, "[t]he decision must include a specific finding as to

16   the degree of limitation in each of the functional areas described in paragraph (c)

17   of this section."  20 C.F.R. § 404.1520a(e)(2); 20 C.F.R. § 416.920a(e)(2).

18        Here, the AC stated that it "concurs" with the State agency findings.  A.R.

19   10.  The state agency physician rated mild limitation in activities of daily living,

20   social functioning, and concentration, persistence or pace.  A.R. 185.  The state

21   agency physician rated Cowan's episodes of decompensation as "none."  *Id.*

22        The AC also gave "great weight" to the uncontradicted opinion of the

23   examining physician, Dr. Smith. A.R. 9.  Smith diagnosed Cowan with a

24   ─────────────────

25        [2]  Section 404.1520a(e)(2) states:  "At the . . . Appeals Council level[], . . .
     the written decision must incorporate the pertinent findings and conclusions
26   based on the technique. The decision must show the significant history, including
     examination and laboratory findings, and the functional limitations that were
27   considered in reaching a conclusion about the severity of the mental
     impairment(s). The decision must include a specific finding as to the degree of
28   limitation in each of the functional areas described in paragraph (c) of this
     section."

1  depressive disorder not otherwise specified.  A.R. 173.  Functionally, Smith found
2  that Cowan was not impaired in his ability to (a) understand, remember or
3  complete simple commands; (b) respond to change in the normal workplace
4  setting; and (c) maintain persistence and pace in a normal workplace setting.
5  Smith found that Cowan was mildly impaired in his ability to (a) understand,
6  remember or complete complex commands due to some possible problems with
7  concentration; (b) interact appropriately with supervisors, co-workers, or the
8  public due to some possible interference from social withdrawal, depressed and
9  anxious mood; and (c) comply with job rules such as safety and attendance due
10  to some possible problems with concentration.  A.R. 174.

11      The Commissioner argues that the AC adequately documented its ratings
12  by adopting the state agency findings.  J.S. 13.  To the extent the AC erred, any
13  error would be harmless.  *See Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th
14  Cir. 2006) (an error is harmless when it "was inconsequential to the ultimate
15  nondisability determination").  The AC clearly adopted the state agency ratings
16  and no purpose would be served by requiring the AC to restate them in the
17  decision.

18      When, as here, a claimant's degree of limitation in the first three functional
19  areas is none or mild, and none in the fourth functional area, "we will generally
20  conclude that your impairment(s) is not severe, unless the evidence otherwise
21  indicates that there is more than a minimal limitation in your ability to do basic
22  work activities."  20 C.F.R. § 404.1520a(d)(1); 20 C.F.R. § 416.920a(d)(1).

23      **E.    Cowan's Credibility**

24      Cowan argues that the AC did not properly consider his testimony about
25  his symptoms at Step Two.  J.S. 5; *Smolen*, 80 F.3d at 1290 (ALJ improperly
26  rejected subjective testimony in making severity determination).

27      "To determine whether a claimant's testimony regarding subjective pain or

28

6

1   symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*
2   *v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

3           At Step One, "the ALJ must determine whether the claimant has presented
4   objective medical evidence of an underlying impairment 'which could reasonably
5   be expected to produce the pain or other symptoms alleged.'  The claimant,
6   however, 'need not show that her impairment could reasonably be expected to
7   cause the severity of the symptom she has alleged; she need only show that it
8   could reasonably have caused some degree of the symptom.'  'Thus, the ALJ
9   may not reject subjective symptom testimony . . . simply because there is no
10  showing that the impairment can reasonably produce the *degree* of symptom
11  alleged.'"  *Id.* (citations omitted); *Bunnell*, 947 F.2d at 343.  The AC did not make
12  an express finding at Step One.  A.R. 8-9.  The examining physician stated that
13  Cowan "has an obvious severe objective stressor" after his daughter was killed.
14  A.R. 173.

15          "Second, if the claimant meets this first test, and there is no evidence of
16  malingering, 'the ALJ can reject the claimant's testimony about the severity of her
17  symptoms only by offering specific, clear and convincing reasons for doing so.'"
18  *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility
19  determination, the ALJ 'must specifically identify what testimony is credible and
20  what testimony undermines the claimant's complaints.'"  *Greger v. Barnhart*, 464
21  F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "If the ALJ's credibility finding is
22  supported by substantial evidence in the record, we may not engage in second-
23  guessing."  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Morgan v.
24  Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

25          The AC made no finding of malingering.  "[T]o discredit a claimant's
26  testimony when a medical impairment has been established, the ALJ must
27  provide specific, cogent reasons for the disbelief."  *Orn v. Astrue*, 495 F.3d 625,
28  635 (9th Cir. 2007) (citations and quotation marks omitted).  "The ALJ must cite

the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

Cowan testified that his three-year-old daughter was murdered in Nevada. She was stabbed 13 times in the head in February 2003.[3]  A.R. 45, 49.  At the time of the murder, Cowan was working.  A.R. 56.  Cowan testified about his inability to function after his daughter's murder.  Cowan stopped taking showers, he couldn't sleep, he started taking drugs, he was depressed, he "gained a lot of weight," he couldn't get out of bed, and he started taking blood pressure medicine; he also took Lexapro for the depression (he later stopped taking the antidepressive medication because of the expense).   A.R. 45, 50, 53, 57-58. Cowan felt guilty about his daughter's death because he felt he should have been able to protect her as her father.  A.R. 50.  His wife, who was bipolar, kicked Cowan out of the house, and Cowan burglarized his parents' house to support his drug habit.  A.R. 46.  He was arrested, convicted of first-degree burglary, and incarcerated from October 2003 to December 2004.  *Id.*  The prison experience saved his life.  A.R. 49.  He has been off drugs since he went to prison and has had clean drug tests.  A.R. 47.  He could not get closure until after the murderer got the death penalty and his co-defendant got life without the possibility of parole.  A.R. 50.

The AC found Cowan's subjective complaints were "not fully credible." A.R. 10.  The AC cited two reasons: (1) Cowan did not complain of a mental impairment until April 1, 2005 (A.R. 8); and (2) Cowan's statements were not supported by the medical records (A.R. 9).

An ALJ may rely upon an unexplained failure to seek treatment.  *Thomas*, 278 F.3d at 958-59.  However, the failure to seek treatment was not unexplained. *See Smolen*, 80 F.3d at 1284.  Cowan testified that he had no insurance and no

---

[3]  Cowan explained that a man and woman killed his daughter for revenge on his daughter's mother and her boyfriend for a drug deal gone bad.  A.R. 169.

1   money for doctors or medication before he started working again in November

2   2006.[4]  A.R. 46-47, 54.  Benefits "'may not be denied because of the claimant's

3   failure to obtain treatment he cannot obtain for lack of funds.'"  *Orn*, 495 F.3d at

4   638 (citation and internal quotation marks omitted).   In addition, under the

5   particular facts of this case, it is difficult "to chastise one with a mental impairment

6   for the exercise of poor judgment in seeking rehabilitation."  *Blankenship v.*

7   *Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989).

8        The AC's second reason (absence of medical records supporting the

9   degree of Cowan's subjective complaints) cannot alone support discounting his

10  credibility.  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

11       Accordingly, the AC's credibility determination at Step Two is not supported

12  by substantial evidence.  This matter will be remanded for further proceedings.

13       **F.     Lay Witness Testimony**

14       Cowan argues that the AC did not properly consider the statements of lay

15  witnesses.  J.S. 11.  Because this case must be remanded on other grounds, the

16  ALJ is free to reconsider the lay witness statements on remand.

17                                **IV.**

18                               **ORDER**

19       IT IS HEREBY ORDERED that the matter is remanded to the

20  Commissioner for proceedings consistent with this opinion.

21       IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

22  Order and the Judgment herein on all parties or their counsel.

23

24

25  DATED: July 14, 2009        _____

26                                ALICIA G. ROSENBERG
                                United States Magistrate Judge

27

28       [4]   At the time of the hearing, Cowan had been working for two months.  He
    hoped to qualify for insurance through his job after three months.  A.R. 54.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28